Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5344 | **DATE** | 12/21/00 |
| **CASE TITLE** | \multicolumn{3}{l|}{MICHAEL SCIALABBA, et al. v. SIERRA BLANCA CONDOMINIUM, et al.} |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion to dismiss is granted in part and denied in part. Counts V-VIII are dismissed against defendant ABC Property Managers, Inc. Count IX is dismissed with prejudice. Defendants shall answer the complaint by January 4, 2001. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 27 2000 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | *eav* | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/21/2000 | |
| | | | date mailed notice | |
| SB | courtroom deputy's initials | 00 DEC 26 PM 4:45 | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC 27 2000

MICHAEL SCIALABBA, JAMES )
SCIALABBA, BARBARA SCIALABBA, ) Case No. 00 C 5344
and HOPE FAIR HOUSING CENTER, )
) Suzanne B. Conlon, Judge
Plaintiffs, )
)
v. )
)
SIERRA BLANCA CONDOMINIUM )
NUMBER ONE ASSOCIATION, and ABC )
PROPERTY MANAGERS, INC., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Michael Scialabba, his parents, James and Barbara Scialabba, and the HOPE Fair Housing Center ("HOPE") (collectively "plaintiffs") sue the Sierra Blanca Condominium Number One Association ("the Association") and ABC Property Managers, Inc. ("ABC") (collectively "defendants") for allegedly discriminating against, harassing and intimidating Michael Scialabba, filing a frivolous lawsuit against the Scialabbas, and interfering with the Scialabba's use and enjoyment of their condominium. Defendants allegedly took these actions because Michael Scialabba was disabled. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds the complaint is vague and ambiguous, fails to allege sufficient facts and, for some claims, is time-barred.

## BACKGROUND

The facts are taken from plaintiffs' complaint. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). The Scialabbas lived in a condominium in Hanover Park, Illinois, starting in 1976.



Comp., ¶ 4. Defendants were responsible for the administration and management of the condominium. *Id.* at ¶¶ 6-7.

In March 1984, Michael Scialabba was severely injured in a car accident. *Id.* at ¶ 8. Michael suffered traumatic brain injuries, resulting in quadri paresis, impaired coordination, mild cognitive defects, organic personality disorder and truncal ataxia. *Id.* The injuries and resulting disabilities substantially limit Michael's ability to speak, hear, work and take care of himself. *Id.* at ¶ 10.

After his injury, Michael was continually harassed and intimidated by other residents of the condominium complex due to his disabilities. *Id.* at ¶ 11. A neighbor's daughter routinely referred to Michael as "retard face." *Id.* at ¶ 12. She regularly yelled "duh" at Michael. *Id.* She accused Michael of stalking and harassing her, and referred to him as a "pervert." She filed police reports against Michael and failed to show at the court hearings. *Id.* The girl's parents constantly complained to the Association about Michael. *Id.*

Other children and residents routinely harassed and intimidated Michael. *Id.* at ¶ 13. On numerous occasions, neighbors' children surrounded Michael at the complex's swimming pool and taunted Michael about his disabilities. *Id.* at ¶ 14. Twice the children stole Michael's wallet and boots. *Id.*

Throughout these events, the Scialabbas reported the harassment to the Association and ABC. *Id.* at ¶ 15. The defendants were aware of Michael's disabilities. *Id.* at ¶ 16. They were aware that the disabilities caused Michael to be emotional and prone to outbursts, especially when taunted. *Id.* The Scialabbas discussed the situation with defendants and sought an accommodation for his disabilities. *Id.* The defendants refused. *Id.* For example, the Scialabbas requested that the defendants alert the lifeguards about Michael's disabilities and provide guidance on how to deal with

them. *Id.* at ¶ 17. Instead, the defendants limited Michael's access to the common swimming pool. *Id.*

From 1992 until 1997, Robert Krueger served as president of the Association's board of directors. *Id.* at ¶ 18. His constant complaints about Michael resulted in a board discussion about Michael in May or June, 1996. *Id.* at ¶ 19. Representatives of the Association and ABC attended the meeting. *Id.* During the meeting, Krueger proposed that the Association try to "get rid of" the Scialabbas and asked other members to join him in these efforts. *Id.*

On June 11, 1996, the Association filed a lien for $1,000 against the Scialabbas for costs and expenses the Association "has or will incur" as a result Michael's violations of the Association's policies. *Id.* at ¶ 20. There were numerous other residents who had violated the policies, but liens were not filed against them. *Id.* at ¶ 21. On August 23, 1996, a second lien for $3,500 was filed against the Scialabbas. Further, a notice attached to the lien terminated the Scialabba's right to occupy their condominium. *Id.* On September 4, 1996, the Association filed a lawsuit in Illinois state court to enforce the liens or to permit a judicial sale of the Scialabbas' condominium. *Id.* at 30. The suit was dismissed. *Id.* at ¶ 32. The Scialabbas incurred psychological and emotional injury, as well as attorney's fees and costs, while defending the suit. *Id.* at ¶ 31.

When the liens were filed against them, the Scialabbas asked the HOPE Fair Housing Center for help in their conflict with the Association. *Id.* at ¶ 24. During June and July, 1996, plaintiffs attempted to negotiate with defendants to arrive at a reasonable accommodation for Michael's disabilities. *Id.* at ¶ 25. The defendants refused. In a June 26 meeting, defendants insisted Michael undergo psychiatric treatment at his own cost or leave the condominium. *Id.* The Association demanded that the Scialabbas agree to reimburse them for all attorney's fees and costs, both in the

past and future, that may be incurred to enforce the proposed accommodations. *Id.* Further, the Association's counsel proposed that the Scialabbas remain in their condominium as long as Michael was "institutionalized." *Id.*

In a letter dated July 16, 1996, HOPE requested that the Association institute a fair housing policy and educate its residents and lifeguards about the Fair Housing Act. *Id.* at ¶ 26. Plaintiffs refused to have Michael undergo psychiatric treatment or vacate the condominium. *Id.* In response, the Association reiterated its demand that Michael undergo treatment, and further demanded Michael be accompanied by an adult in all common areas at all times. *Id.* at ¶ 27.

The Scialabbas filed a housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD") on September 4, 1996. *Id.* at ¶ 28. Due to the costs associated with defending against the Association's lawsuit, and continuing discrimination and harassment of Michael, the Scialabbas moved out of their condominium. *Id.* at ¶ 28. When HUD did not issue a determination of their housing discrimination complaint, the Scialabbas withdrew their administrative complaint on June 10, 1999, and filed a complaint in this court. *Id.* at ¶ 35. The complaint alleges defendants: placed discriminatory restrictions on the occupancy and use of the condominium facilities in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f) (Count I); interfered with the Scialabbas' exercise and enjoyment of their condominium in violation of the FHA, 42 U.S.C. § 3617 (Count II); helped create and ratify a hostile living environment in violation of the FHA, §§ 3604(f) and 3617; failed to provide a reasonable accommodation to Michael in violation of the FHA, § 3604(f); breached their fiduciary duty by violating the Association's bylaws (Count VII) and the FHA (Count VIII); and intentionally inflicted emotional distress upon the Scialabbas (Count IX).

## DISCUSSION

**I        Legal standard**

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Therefore, the court accepts as true all well-leaded factual allegations and draws all reasonable inferences in favor of the plaintiffs. *Zimmerman v. Burch*, 494 U.S. 113, 118 (1990). The court will dismiss a claim only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Colfax Corp. v. Ill. State Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). A complaint need only include the operative facts upon which plaintiffs base their claim in order to survive a motion to dismiss. *Lucien v. Preiner*, 967 F.3d 1166, 1168 (7th Cir. 1992).

**II       Sufficiency of complaint's factual allegations**

Defendants argue the complaint is vague and conclusory and thus fails to comply with Fed.R.Civ.P. 8. Rule 8 establishes a notice pleading system rather than a fact pleading system. *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992). As a result, all the complaint needs to do to withstand a motion to dismiss is "outline or adumbrate" a violation of the statute that the plaintiff relies on and connect the violation to the named defendants. *Id.* The Scialabbas need only plead the statutory elements of the claims, not the structure of a *prima facie* case under the claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 294-50 (9th Cir. 1997). Defendants move to dismiss all of the complaint's counts on the grounds they fail to allege sufficient facts and thus fail to comply with Rule 8.

### 1     Count I

Count I alleges defendants placed discriminatory restrictions upon the Scialabbas' occupation and use of the condominium facilities and the provision of services for the facilities. The FHA prohibits discrimination "against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2).

Count I adequately states a claim under the FHA. The complaint alleges the Scialabbas informed defendants of discriminatory acts against them, and defendants refused to help. Count I alleges defendants illegally restricted Michael's access to the pool area, and also alleges defendants participated in a plot to "get rid of" the Scialabbas. Defendants allegedly filed liens against the Scialabbas in an attempt to force them to leave their condominium and did not cite other residents for similar transgressions of the Association's bylaws. Finally, defendants demanded Michael undergo psychiatric treatment and be accompanied by an adult at all times in common areas. These allegations adequately put defendants on notice of a violation of § 3604(f)(2).

### 2     Count II

In Count II, plaintiffs allege defendants "coerced, intimidated, threatened, and/or interfered with [the Scialabbas'] exercise and enjoyment of their dwelling in violation of 42 U.S.C. § 3617." Comp., ¶ 42. This allegation mirrors the language of § 3617.

The complaint adequately states facts to support a claim under § 3617. Defendants purportedly imposed discriminatory conditions upon the Scialabbas' use of the condominium facilities, such as restricting Michael's use of the pool and requiring an adult to accompany him in all

common areas. Defendants allegedly coerced and intimidated the Scialabbas by filing a lawsuit to enforce liens imposed for discriminatory purposes. These allegations state a § 3617 claim.

### 3 Count III

Count III asserts defendants' actions gave rise to a hostile housing environment in violation of § 3604(f)(1), in conjunction with § 3617. In order to establish this claim, plaintiffs must plead facts establishing offensive behavior that unreasonably interferes with the use and enjoyment of the condominium. *DiCenso v. Cisneros*, 96 F.3d 1004, 1008-09 (7th Cir. 1996).

The complaint alleges sufficient facts to support Count III. Defendants allegedly allowed and ratified harassment and discrimination against the Scialabbas and initiated a campaign to force defendants out of their condominium due to Michael's disability. Taken as true, these facts support a claim of offensive behavior that unreasonably interfered with the Scialabbas' enjoyment of their condominium.

### 4 Count IV

Count IV alleges that Michael's disabilities required an accommodation by the Association, and defendants refused to make such an accommodation in violation of § 3604(f)(3). Defendants argue the Scialabbas have failed to identify the reasonable accommodation sought. However, the complaint does specify the requested accommodation. The Scialabbas requested by letter that the Association institute a fair housing policy and educate its residents and lifeguards about the Fair Housing Act. Comp., ¶ 26.

## 5  Counts V-VIII

Counts V-VIII allege defendant breached their fiduciary duties under the Illinois Condominium Act, 765 ILCS 605/18.4, *et seq.* Defendants argue the allegations are too vague and fail to specifically allege damages resulting from the claimed breach.

The complaint states facts adequate to support a claim of breach of fiduciary duty. Counts V and VI allege a breach of the Association's bylaws. The failure to comply with bylaws can be a violation of fiduciary obligations. *Wolinsky v. Kadison*, 114 Ill. App. 3d 527 (Ill. App. 1983). Defendants allegedly violated the Association's bylaws when they filed liens with the discriminatory intent of forcing the Scialabbas out of their condominium. These facts are adequate to state a claim for breach of fiduciary duty. Counts VII and VIII allege a negligent breach of defendants' fiduciary duty to "[r]easonably accommodate the needs of a handicapped unit owner" under federal and state law. The actions discussed above are adequate to state a claim for negligent breach of fiduciary duty.

Defendants further argue the complaint must specifically plead the damages suffered as a result of the breach of fiduciary duty, citing *Chicago City Bank & Trust v. Lesman*, 186 Ill. App. 3d 697, 701 (Ill. App. 1989). This argument fails to recognize that Illinois state courts require fact pleading, while federal courts only require notice pleading. In this court, the Scialabbas must allege only sufficient facts to put defendants on notice of their claim for breach of fiduciary duty. The complaint accomplishes this objective, and is therefore sufficient under Fed.R.Civ.P. 8.

Finally, defendants argue the claims for breach of fiduciary duty may not stand against ABC. This argument is correct. The Condominium Act imposes a fiduciary relationship on condominium association boards of directors. *Carney v. Donley*, 261 Ill. App. 3d 1002, 1011 (Ill. App. 1994). But the Scialabbas do not cite any authority to support their argument that property managers owe a

fiduciary duty to condominium owners. The property manager, unlike the association board, does not have a contractual relationship with owners to support a fiduciary duty. The property manager's contractual duties lie with the association board, not the tenants. As a result, the Scialabbas fail to state a claim for a breach of fiduciary duty between ABC and the Scialabbas. Counts V-VIII must be dismissed as to ABC. *Geaslen v. Berkson, Gorov & Levin*, 155 Ill. 2d 223, 228 (Ill. 1993).

## III    Statute of Limitations

Defendants argue certain portions of Counts V-VII and the entirety of Count IX are untimely and must be dismissed.

### 1    Counts V-VII

Defendants argue certain alleged actions occurred more than five years prior to the filing of the complaint and must therefore be dismissed. Claims alleging a breach of fiduciary duty must be brought within five years of the alleged breach. 735 ILCS 5-13-205. Defendants argue any claim in the complaint grounded upon acts that occurred prior to five years before the filing of the complaint must be barred. However, defendants fail to identify any specific portions of the complaint that do not comply with this requirement. Indeed, defendants admit it is "not entirely clear" which actions they allege are time-barred "because the vague allegations asserted by the Plaintiffs fail to plead the dates of purported acts." Resp. Br., 11. By defendants' own admission, they have not met their burden of showing any of plaintiffs' claims are time-barred as a matter of law.

### 2    Count IX

The Scialabbas do not dispute defendants' assertion that the facts upon which they base their claims of intentional infliction of emotional distress occurred prior to 1997. An action for intentional infliction of emotional distress must be brought within two years of the underlying acts giving rise to

the claim. 735 ILSC 5/13-302. It is undisputed that this claim was filed within the statute of limitations. Instead, the Scialabbas argue they are entitled to equitable tolling. Under this doctrine, the failure to file this claim within the limitations period may be excused only if the Scialabbas show they "could not, despite the exercise of reasonable diligence, have discovered all the information [they] needed in order to be able to file [their] claim on time." *Taliani v. Chrans*, 189 F. 3d 597, 597-98 (7th Cir. 1999). In other words, "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. May 15, 2000). Equitable tolling is granted sparingly. *Id.* (citing *Irwin v. Dep. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The Scialabbas argue they are entitled to equitable tolling because they timely filed a complaint with HUD prior to the expiration of the statute of limitations. They argue they pursued the claims with the continuous diligence required to invoke equitable estoppel. *Chapple v. Nat. Starch & Chemical Co. and Oil*, 178 f.3d 501 (7th Cir. 1999). This argument misconstrues the purpose of equitable tolling: protection of a plaintiff where he is "unable to obtain vital information bearing on the existence of his claim. *Id.* at 505-06; *Wolin v. Smith Barney Inc.*, 83 F.3d 847, 852 (7th Cir. 1996). There is no indication that they were unable to obtain the information necessary to file their claim of intentional infliction of emotional distress within the two-year statute of limitations. They were aware of all the underlying facts well within the statutory period. As a result, the doctrine of equitable estoppel is inapplicable, and their claim for intentional infliction of emotional distress is time-barred.

Nor is the FHA provision available that excludes computation of [the] two-year limitations period for time during which an administrative proceeding is pending." *See* 42 U.S.C. § 3613(b).

This provision only applies to claims under the FHA. The claim for intentional infliction of emotional distress is a claim under Illinois state law, not the FHA.[1]

IV    Rule 12(e)

The introduction to defendants' motion indicates that it includes a motion for a more definite statement under Fed.R.Civ.P. 12(e). However, defendants fail to address this argument anywhere in their motion or supporting memorandum. As a result, this "motion" is moot.

## CONCLUSION

Defendants' motion to dismiss is granted in part and denied in part. Counts V through VIII are dismissed with respect to defendant ABC property Managers, Inc. Count IX is dismissed as untimely.

ENTER:

Suzanne B. Conlon
United States District Judge

Dated: December 21, 2000

---

[1] Because Count IX is time-barred, the court need not address defendants' substantive arguments for dismissal.

-11-